```
              UNITED STATES DISTRICT COURT
               DISTRICT OF NEW HAMPSHIRE
```

Katherine Ann Masso

    v.                                   Civil No. 11-cv-370-JL
                                         Opinion No. 2012 DNH 062
City of Manchester,
Manchester Public Television
Service, Jason Cote, and
Manchester School District


**MEMORANDUM ORDER**

In this employment discrimination action, plaintiff Katherine Masso has sued her former employer, the Manchester School District; her current employer, Manchester Public Television Service ("MPTS"); the City of Manchester, which formed MPTS; and her supervisor at MPTS, Jason Cote. Masso alleges that MPTS, acting at the City's direction, hired Cote, rather than her, as MPTS's Executive Director based solely upon their respective genders. She further alleges that although her job is similar to Cote's, he is paid more than her, and that she does not receive overtime pay despite her entitlement to it. Although the School District could have prevented these unlawful employment practices, Masso says, it failed to do so.

Masso seeks to recover from MPTS, the City, and the School District for gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 et seq., and its state-law analog, N.H. Rev. Stat. Ann. § 354-A; violation of

the federal Equal Pay Act, 29 U.S.C. § 206(d)(1) ("EPA"), and its state-law analog, N.H. Rev. Stat. Ann. § 275:37; and violation of the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1) ("FLSA").[1] This court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction) by virtue of Masso's federal statutory claims.

The City and the School District have moved for judgment on the pleadings, see Fed. R. Civ. P. 12(c), arguing that under the facts as pleaded, it was MPTS, not them, that took the allegedly unlawful employment actions, and that they are therefore not liable under any of the statutes cited.  In response, Masso argues that the City and MPTS together constituted a single employer under the "integrated-enterprise" test set forth in Torres-Negrón v. Merck & Co., Inc., 488 F.3d 34, 41-43 (1st Cir. 2007), and that the School District, while it did not take the actions of which she complains, can be held liable because it allowed those actions to take place.  After hearing oral argument, the court grants the motion in part and denies it in part.  In her amended complaint, Masso has alleged sufficient facts to proceed with her case against the City, but has not

---

[1]Masso has also asserted a separate claim for retaliation under 42 U.S.C. § 2000e-2 against Cote individually.  The propriety of that claim, which arises from different actions, is not presently before the court.

2

stated a plausible entitlement to relief against the School District.

## I. Legal Standard

A motion for judgment on the pleadings under Rule 12(c) is evaluated under essentially the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim, see Simmons v. Galvin, 575 F.3d 24, 30 (1st Cir. 2009), which requires that the complaint allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## II. School District

Each statute under which Masso asserts claims against the City and School District prohibits employers from taking certain actions with respect to their employees, i.e., discriminating against them in their pay, see 29 U.S.C. § 206(d)(1); N.H. Rev. Stat. Ann. § 275:37, or their terms of their employment, see 42 U.S.C. § 2000e-2(a); N.H. Rev. Stat. Ann. § 354-A:7, or failing to adequately compensate them, see 29 U.S.C. § 207(a)(1). As just noted, Masso does not allege that the School District itself took any of these prohibited actions while she was working for it. Rather, she alleges that, while the School District had originally contracted with the City to provide public,

educational, and government access television, the School District later agreed to let the City break that contract in order to form MPTS--the employer that ultimately took the actions of which she complains.  The School District allowed the City to break the contract, Masso avers, even though it "knew or should have known of the terms of employment" on which Masso would be hired at MPTS, and "knew or should have known that those terms would be in violation of federal and state laws prohibiting gender discrimination, equal pay, and overtime compensation."

Even accepting at face value Masso's factually unsupported and conclusory allegation that the School District "knew or should have known" that MPTS would violate federal and state employment laws, those laws do not entitle her to relief against the School District.  For Masso to state a claim, she would have to allege that the School District itself discriminated against her in her pay or terms of employment or failed to adequately compensate her.  The court has found no authority so much as suggesting that the statutes under which Masso seeks to recover might create liability for failing to prevent unlawful employment actions by unrelated parties, and Masso has cited no authority to that effect.[2]  Indeed, the First Circuit has "flatly reject[ed]"

---

[2] Attempting to salvage at least one of her claims against the School District, Masso suggests in a footnote that the School District could be held liable under N.H. Rev. Stat. Ann. § 354-A:2, XV(d) for "[a]iding, abetting, inciting, compelling, or

the argument that an entity that actively "impacts or interferes with an individual's employment opportunities" should be held liable under Title VII, Lopez v. Massachusetts, 588 F.3d 69, 88-89 (1st Cir. 2009), and it is difficult to see how passively standing by while an unlawful employment action occurs would be treated differently.  The claims against the School District are accordingly dismissed.

**III. City of Manchester**

Masso's claims against the City fare considerably better. Her theory of relief against the City, as noted, is that it and MPTS together constituted a single employer, such that liability for MPTS's conduct should be imputed to the City.

In interpreting the term "employer" as it appears in federal employment statutes, courts have developed the "single employer" doctrine, under which two nominally separate entities "may be so interrelated that they constitute a single employer subject to liability." Torres-Negrón, 488 F.3d at 40-41.  Though more

---

coercing another . . . to commit an unlawful discriminatory practice."  But Masso does not explain, and the court does not see, how the conduct alleged constitutes "aiding, abetting, inciting, compelling, or coercing" MPTS to commit an unlawful discriminatory practice--particularly because knowledge of and failure to prevent another's misconduct ordinarily does not give rise to liability under New Hampshire law.  See, e.g., Clearview Software Int'l, Inc. v. Ware, 2011 DNH 139, 22-24 (citing Coan v. N.H. Dep't of Enviro. Servs., 161 N.H. 1 (2010); Marquay v. Eno, 139 N.H. 708 (1995)).

commonly used to determine whether an entity may be held liable under Title VII, see id., the doctrine has also been applied in actions under both the FLSA, see Arculeo v. On-Site Sales & Mktg., LLC, 425 F.3d 193, 197 (2d Cir. 2005), and the EPA (which is part of the FLSA), see, e.g., Chisholm v. Foothill Capitol Corp., 3 F. Supp. 2d 925, 933-34 (N.D. Ill. 1998).  While the New Hampshire Supreme Court has not had occasion to address the applicability of the doctrine, that court frequently looks to the interpretation given federal employment statutes when interpreting its own employment laws, see, e.g., Madeja v. MPB Corp., 149 N.H. 371, 378 (2003), and for purposes of the present motion, the parties agree that the doctrine applies in interpreting those laws as well.

The court of appeals "has not yet decided what test is appropriate to determine whether an employer is liable under the single employer theory, but it has identified three recognized methods for determining whether a single employer exists . . . : the integrated-enterprise test, the corporate law 'sham' test, and the agency test."  Torres-Negrón, 488 F.3d at 42 n.8.  The City's motion assumes that the integrated-enterprise test applies, and Masso does not argue for a different test.  "The factors considered in determining whether two or more entities are a single employer under the integrated-enterprise test are: (1) common management; (2) interrelation between operations; (3)

centralized control over labor relations; and (4) common ownership." Id. at 42. "All four factors, however, are not necessary for single employer status," and "the test should be applied flexibly, placing special emphasis on the control of employment decisions." Id. Evaluating the amended complaint[3] in light of the four factors set forth in Torres-Negrón, Masso has alleged enough facts to state a plausible claim that the City and MPTS were a single employer under the integrated-enterprise test.

The amended complaint alleges that the City controls MPTS's funding, providing it with the sums necessary to pay for its equipment, facilities, salaries, and other operating expenses. It further alleges that City employees are responsible for MPTS's management, and that the City's Finance Department and Board of Mayor and Aldermen manage MPTS's daily financial operations. In addition, the amended complaint alleges that the City itself established MPTS's Board of Directors. Taken together, these allegations suggest that there is at least some degree of common management, common ownership, and interrelation between MPTS's operations and those of the City. And with respect to the

---

[3] Both parties have submitted materials that are outside the pleadings, and not necessarily cognizable on a Rule 12 motion. Rather than convert the motion to one for summary judgment, see Fed. R. Civ. p. 12(d), the court has elected to exclude those materials from its consideration. The court notes, however, that consideration of these materials would not have changed its ruling.

control of employment decisions--the most important factor in the analysis, see Torres-Negrón, 488 F.3d at 42--the amended complaint alleges that it was the City itself, through the Board of Mayor and Aldermen, that decided the positions that Masso and Cote would hold and the salary and benefits they would receive. Indeed, it was allegedly a committee of the Board of Mayor and Aldermen that met with plaintiff to inform her of the terms of her employment with MPTS.[4]

The court cautions that this ruling should not be taken to suggest that Masso can necessarily satisfy the integrated-enterprise test even if every one of these allegations is true. The degree to which the City controls MPTS's funding, management, and operating expenses, and the nature of its influence over MPTS's employment decisions, will ultimately determine whether the City and MPTS constitute a single employer. The court's denial of the City's motion merely reflects the reality that

---

[4]Counsel for MPTS suggested at oral argument that because MPTS did not yet exist in May 2010, when the City allegedly took the unlawful employment actions, MPTS and the City could not possibly have constituted a single employer at that time. The amended complaint does not allege exactly when MPTS was created, though, and this issue was not briefed (MPTS did not file a memorandum in response to the City's motion), so the court is hesitant to address it at this time. In any event, as Masso's counsel noted at oral argument, this point may actually cut in her favor: if MPTS did not exist as a separate entity in May 2010, but decisions regarding employment there were nonetheless being made at that time, then it would certainly seem as though the City exercised a great degree of control over MPTS.

"because the 'integrated enterprise' test involves a detailed fact driven analysis," whether a defendant can be held liable as an employer often cannot be determined on the basis of the pleadings alone.  Rutter v. Picerne Dev. Corp. of Fla., No. H-07-3002, 2007 WL 4333618, at *3 (S.D. Tex. Dec. 10, 2007) (citing cases).

## IV.  Conclusion

For the reasons set forth above, the motion for judgment on the pleadings[5] is GRANTED in part and DENIED in part.  Masso's claims against the Manchester School District are dismissed, and the School District is terminated as a party to this action.  Masso's claims against the City of Manchester may proceed.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  March 28, 2012

cc:  Leslie C. Nixon, Esq.
     Robert J. Meagher, Esq.
     Allison C. Ayer, Esq.
     John C. Kissinger, Esq.

---

[5]Document no. 14.